UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DAKOTA MURRAY, ) | |
| Plaintiff, ) | |
| v. ) | No. 1:25-cv-00115-NCC |
| CHAD PRICE et al., ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Dakota Murray, a self-represented prisoner, brings this action under 42 U.S.C. § 1983 for alleged civil rights violations. (ECF Nos. 1, 7). He seeks appointment of counsel (ECF Nos. 4, 9) and leave to proceed *in forma pauperis* (ECF Nos. 2, 8). For the reasons set forth below, the Court grants Murray's motion to proceed *in forma pauperis* and dismisses this action because it seeks monetary relief from defendants who are immune from such relief and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

**I.   Filing Fee**

Congress mandates that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914. Courts may waive this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed *in forma pauperis*.

To obtain *in forma pauperis* status, a prisoner litigant must file an affidavit demonstrating his inability to pay. 28 U.S.C. § 1915(a)(1). In addition to the standard *in forma pauperis* affidavit, a prisoner must provide a certified copy of his inmate account statement for the "6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

If the prisoner litigant lacks sufficient funds, the Court assesses an initial partial filing fee equal to 20 percent of the higher of the average monthly deposits or the average monthly balance in the prisoner litigant's account. 28 U.S.C. § 1915(b)(1). After that, the prisoner litigant must make monthly payments equal to 20 percent of the previous month's income until the prisoner litigant pays the fee in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Murray has filed two motions to proceed *in forma pauperis* and submitted a certified inmate account statement for the period from November 10, 2024 through May 10, 2025. (ECF Nos. 2, 3, 8). The statement reflects an average account balance of $7.50 and an average deposit of $9.00. Therefore, the Court grants Murray's first motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $1.80, representing 20 percent of his average deposit.

## II.  Background

Murray is an inmate at the Southeastern Correctional Center in Charleston, Missouri. (ECF No. 7). He filed his initial complaint in June 2025 before amending the complaint in October. (ECF Nos. 1, 7). Because service has not yet occurred in this case, the Court accepts Murray's amended complaint as the operative pleading. *See* Fed. R. Civ. P. 15(a)(1)(A).

Murray sues Sergeant Chad Price, Assistant Warden Matt Raymond, and the Missouri Department of Corrections ("DOC"). (ECF No. 7 at 1–3, 15). He names Price and Raymond in their official capacities only. *Id.* at 2–3.

Murray alleges that on January 26, 2025, Price sprayed him with a chemical agent while handcuffed and chained to the floor. *Id.* at 3–4. Price then wiped Murray's face but denied shower

2

access for approximately nine to ten days. *Id.* at 4. Murray reports eye injuries and psychological trauma as a result. *Id.*

As for Raymond, Murray asserts that he failed to investigate Murray's complaints about the incident and did not report it as required by DOC policy D1-8.6. *Id.* at 5.

For relief, Murray seeks $5 million in damages. *Id.* at 8.

### III.   Standard

Because Murray is proceeding *in forma pauperis* in this matter, his amended complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

## IV. Discussion

Murray names as defendants the Missouri Department of Corrections, Assistant Warden Matt Raymond, and Sergeant Chad Price. (ECF No. 7 at 1, 2–3). He sues the individual defendants in their official capacities only. *Id.*

A suit against a state employee in his official capacity is merely a suit against the state itself. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Absent a waiver, the Eleventh Amendment bars suits for monetary relief against a state or its officials acting in their official capacities. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Thus, the Court dismisses this action because the defendants are immune from the relief sought. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Additionally, 42 U.S.C. § 1983 "provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Murray's claims are not cognizable under § 1983, and in light of the Eighth Circuit's decision in *Reynolds v. Cook*, the Court will not recharacterize the amended complaint to include individual-capacity claims. *See* 2025 WL 670428, at *1 (8th Cir. Mar. 3, 2025) (holding that a prisoner's express designation of "official capacity only" forecloses recovery of personal liability and precludes the court from construing the complaint to include individual-capacity claims). Accordingly, the Court also dismisses this action for failure to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

V.  Conclusion

For the foregoing reasons, the Court grants Murray's motion to proceed *in forma pauperis*, assesses an initial partial filing fee of $1.80, and dismisses this action under § 1915(e)(2)(B)(ii), (iii).

Accordingly,

**IT IS HEREBY ORDERED** that Murray's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Murray must, **within 30 days** of the date of this order, pay an initial partial filing fee of $1.80. He must make the remittance payable to "Clerk, United States District Court" and include his name, prison registration number, case number, and a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Murray's second motion to proceed *in forma pauperis* (ECF No. 8) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Murray's motions for appointment of counsel (ECF Nos. 4, 9) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 7th day of November, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE